THE BANK OF THE STATE OF MISSOURI v. HULL, impl'd, &c.

In suits on negotiable instruments, a party to the instrument may be permitted to testify if he is not disqualified by interest. The maker of a note is, therefore, a competent witness for the endorser in an action by the endorsee against the endorser, the maker having no interest in that suit, being liable in either event. This is not the case, however, if he is an accommodation endorser, in which case he is regarded as a surety, and if the endorsee succeeds against him, he is entitled to recover of the maker not only the amount of the note, but the cost he has been compelled to pay. Unless, therefore, the maker is released from his liability he is incompetent.

Error to the Court of Common Pleas of St. Louis county.

*Bowlin & Woodruff for Plaintiff in error*

1st. That the court erred in admitting the evidence of William J. Austin, one of the makers of said several notes, as witness for defence, as he was interested in the direct result of the suit. For the amount of the notes he is alike

29

liable to either party, but to the extent of the costs of this cause he is alone liable to defendant, who introduces him. Gil. Law of Ev., vol. 1, pages 223, 224; Saunders on Pleas, Ev. 2, vol. 2, 443: Easts. Rep. vol. 14, p. 564; Starkie, vol. 2. 751; Chitty on Bills, 655.

The only remaining question that arises upon the record in this cause is, was Joseph S. Hull, the defendant, a partner of William C. Hull, at the time of the endorsements of these notes. The proof abundantly shows that he was, and as such was liable; and it was error in the court, sitting as a jury, to give verdict and judgment for defendant.

As to evidence of partnership and what is a dissolution to the world, see Gow on Partnership, 11, 12, 270, 271.

The notices were also proved; but this is not important, as the notorious insolvency of the makers from the maturity of the notes, made the endorsers liable under our statute.— See R. C. 105, sec. 9. For sufficiency of notice, see Bank v. Moore, Mo. Rep. vol. 5, p. 379.

The court upon the state of facts preserved in this record, and for the reasons assigned, ought to have granted a new trial; and the refusal to do so on the case presented is error. See Graham on New Trials, 237, 238.

### J. Davis & Leslie for Defendants.

The defendant, J. S. Hull, insists that the Bank of State of Missouri stands in the same position that the commercial agency did, from whom she received said notes, as the same are not negotiable notes under the statutes of Missouri.

William C. Hull could not bind his copartner by an accommodation endorsement, without the express or strongly implied assent of the latter, it being a matter out of the ordinary business of the copartnership.

One partner cannot bind his copartner by an endorsement in the partnership name as security for the debt of another, unless the other partner previously or subsequently assent to it. Laverty v. Burr, 1 Wendall, 52 C; Mercein v. Andrus, 10 Wendall, 461; Foot v. Sabin, 19 Johnson, 154; Bank of Rochester v. Bowen, 1 Wend. 158.

The endorsement of Wm. C. Hull in this case was made, as appears from the evidence, to secure a previous debt of Savage and Austin, due the Commercial Agency. Austin, one of the makers of the notes in question, is a competent witness for defendant. 3 Wendall, Williams et al. v. Walbridge, 415; 7 Term Rep. 591; 5 Cowan, 153.

Austin had no interest in the event of this suit; he admitted his liability as maker of the notes, and is not liable for costs of this action at suit of endorsers. Simpson v. Griffin, 9 Johnson, 131; Mass. Rep. 171; Chitty on Bills, 9th Am. ed. 349 and 50, margin; also note in same, page 336, margin, in which note reference is made to Bleaden v. Charles, 7 Bingham, 246; 5 Carr and Payne, 14, s. 6.

Enough appears from the evidence, exclusive of the testimony of Austin, to show that the notes were given to secure a previous debt of Savage & Austin, the makers, and that the endorsements were made by Wm. C. Hull, without the knowledge or assent of his partner, and without any consideration.

It is also contended that a promissory note endorsed by one of the members of a firm for the accommodation of others, makes it incumbent on the plaintiff, if he wishes to hold the firm, to show the consent of those members.

Accommodation endorsements are not within the ordinary business of copartnerships.

### Opinion of the Court by Napton, Judge.

The plaintiff in error sued William C. and Joseph S. Hull, in assumpsit, to recover the amount of three promissory notes made by Savage & Austin, and endorsed by defendants. On the trial of the cause, the defendant proposed to swear William J. Austin, one of the firm of Savage & Austin, makers of the notes. To the introduction of this witness objections were made on the ground of incompetency, but the objections were overruled by the court, and the witness testified. From his testimony it appeared that the notes in question were drawn by Savage & Austin, and endorsed by

276        SUPREME COURT OF MISSOURI,

SEPT'R TERM, 1841.

Bank of Mo.
v.
Hull.

W. C. Hull, for their accommodation merely. The testimony of this witness, together with other evidence, conduced to prove that the endorsement was made by W. C. Hull, without any authority to bind his copartner, Joseph S. Hull. The verdict was for the defendant.

The only material question arising on this record is the competency of W. J. Austin, as a witness for the defendant. The principle established in Walton v. Shelly (1 T. R. 296) that upon reasons of public policy, apart from the question of interest, a party to a negotiable instrument shall not be permitted to impeach it, has never been adopted by this court. In a majority of the States the later English adjudications on this point have been followed, though in a few States the rule in Walton v. Shelly is still adhered to. The better received opinion, both in England and this country, appears to be, that in negotiable instruments a party to the instrument may be permitted to testify if he is not disqualified by interest. The maker of a note is therefore a competent witness for an endorser in an action by the endorsee against him, because he has no interest in that suit, being liable in either event. 4 Taunt, 464. This is not the case, however, if he is an accommodation endorser, in which case the law regards him as a surety, and if the endorsee succeeds against him he is entitled to recover of the maker not only the amount of the note, but the costs he has been compelled to pay. This liability for costs disqualifies him. Hubby v. Brown, 16 John. R. 70. The court of common pleas did not err in admitting Austin to testify. He was a competent witness when the objection was made. When the witness disclosed his own incompetency, it was the duty of the plaintiff to object to his testimony, and save his exceptions, if his motion was overruled. Having failed to do so, he cannot after verdict claim a new trial because of incompetent evidence to which he made no objection on the trial. If objections had been made in time, the party may have had it in his power to prove the same fact by other witnesses.— Wright v. Sharp, 1 Salk. 288. Judgment affirmed.

*In suits on negotiable instruments, a party to the instrument may be permitted to testify if he is not disqualified by interest. The maker of a note is therefore a competent witness for an endorser in an action by the endorsee against the endorser, the maker having no interest in that suit, being liable in either event. This is not the case, however, if he is an accommodation endorser, in which case he is regarded as a surety, and if the endorsee succeeds against him, he is entitled to recover of the maker not only the am't of the note, but the costs he has been compelled to pay. Unless, therefore, the maker is released from this liability he is incompetent.*